## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **BRANDY BENNETT,** | **)** |
| | **)** |
| **Plaintiff,** | **)** |
| | **)** |
| **v.** | **) CAUSE NO:** 1:17-cv-3821 |
| | **)** |
| **TOPEN, INC. d/b/a** | **)** |
| **MCDONALDS,** | **)** |
| | **)** |
| **Defendant.** | **)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     This is an employment discrimination action brought by Plaintiff, Brandy Bennett ("Bennett"), against Topen, Inc. ("Defendant") for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended and under Indiana law.

### II. PARTIES

2.     At all times relevant to this action, Bennett resided within the Southern District of Indiana.

3.     Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §1331, 28 U.S.C. §1367 and 28 U.S.C. § 1343.

5.     Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6.     Bennett was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7.     Bennett satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 470-2017-00727.   Bennett received the appropriate Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

8.     All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

9.     Bennett was hired by Defendant, a McDonald's franchise owner, in or about December 2015 as a Crew Member.  Bennett worked night shift.

10.    Bennett never received an employee handbook and/or Defendant does not have one.

11.    Beginning in or about March of 2016, Steven Coyne became Shift Manager for night shift.

2

12.     Coyne sexually harassed Bennett during her employment. Examples of the most severe harassment include, but are not limited to, the following:

(a)     Coyne obtained Bennett's phone number from her file and began sending personal non-work related texts to her;

(b)     Coyne asked Bennett if he could see or touch her breasts on a near nightly basis;

(c)     Coyne asked Bennett if he could have anal sex with her on a near nightly basis;

(d)     Coyne asked Bennett if he could touch himself in her car;

(e)     Coyne came up behind Bennett and rubbed himself against her with an erection;

(f)     Coyne requested that Bennett go in the freezer with him and have sex with him on a near nightly basis;

13.     Bennett rebuffed Coyne's advances and, after about 30 days of employment with him, specifically told him that he was making her feel uncomfortable and asked him to stop harassing her.  In response, Coyne told Bennett that he was close friends with Carla Young, the General Manager, and that if she complained, it would be her job, not his.

14.     Afterward, Coyne's behavior toward Bennett got worse. He would text Bennett more frequently and more vulgarly.  For example, Coyne texted Bennett, "would you let this old fat man lick your asshole."  Bennett has two teenage

3

daughters. One of her daughters was using her phone when she received the aforementioned text and viewed it.

15.     Coyne told Bennett that he may start stalking her because he could get her address from her file.

16.     Coyne continued rubbing up against Bennett.  He would come up behind her, lick her ear and say sexual things.  Coyne continued to request to have sex with her, touch her and say inappropriate things to her on a nightly basis.  In addition, now, he would also try to demean Bennett, for example, by throwing garbage on the floor and asking her to pick it up.

17.     As early as July 2016, Bennett reported Coyne's conduct to Erica Roland, another Shift Manager; however, no remedial action was taken.

18.     In October 2016, Bennett reported Coyne's behavior to Analisa Cobb, a Shift Manager, who told Bennett that Coyne made similar comments to her.

19.     Bennett attempted to report Coyne's behavior to Young; however, Young responded by telling Bennett that she was on vacation and would follow up with her when she returned.  She did not follow up.

20.     In mid-November 2016, Bennett complained to Mike Smith, a Shift Manager, about Coyne's persistent sexual harassment.  Smith again relayed the issue to Young.  Bennett told Young what Coyne was doing and even sent screenshots of the text messages he had been sending; however, Young responded

that her complaints "were only hearsay" and that she "could not take [Coyne] off of 3rd shift."  As a result, Bennett was taken off of the schedule.

21.     Bennett returned to work the following Saturday to find that Coyne had been terminated. Since Coyne has been terminated, Defendant has denied Bennett overtime and extra hours.  Prior to her reports in November, Bennett was working approximately 60 hours per week; since, she is receiving only about 40 hours per week and her requests for additional hours have been denied.

22.     Coyne sexually harassed several other female employees at Defendant. Further, it is believed that Coyne had similar issues while working at one of Defendant's other McDonald's restaurants

## V.     LEGAL CAUSES OF ACTION

### COUNT I: RETALIATION

23.     Bennett hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.     Bennett engaged in a protected activity when she complained of sexual harassment.

25.     Defendant retaliated against Bennett for engaging in protected activity.

26.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

27.     Defendant's actions were willful, intentional, and done with reckless disregard of Bennett's civil rights.

5

28.   Bennett suffered damages as a result of Defendant's unlawful actions.

## COUNT II: SEXUAL HARASSMENT

29.   Bennett hereby incorporates by reference paragraphs one (1) through twenty-eight (28).

30.   Bennett was sexually harassed and subjected to a hostile work environment that was severe and pervasive.

31.   Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

32.   Bennett has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: NEGLIGENT HIRING

33.   Bennett hereby incorporates by reference paragraphs one (1) through thirty-two (32).

34.   Defendant was negligent in hiring Coyne.

35.   As a result of Defendant's negligence, Bennett has suffered damages.

## COUNT IV: NEGLIGENT RETENTION

36.   Bennett hereby incorporates by reference paragraphs one (1) through thirty-five (35).

37.   Despite being on notice of other acts of harassment by Coyne, Defendant failed to take appropriate remedial action.

38.   As a result of Defendant's negligence, Bennett has suffered damages.

## COUNT V: NEGLIGENT SUPERVISION

39.     Bennett hereby incorporates by reference paragraphs one (1) through thirty-eight (38).

40.     Defendant failed to properly supervise Coyne and its other employees.

38.     As a result of Defendant's actions, Bennett has suffered damages.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39.      Bennett hereby incorporates by reference paragraphs one (1) through thirty-eight (38).

40.     Bennett sustained a direct impact by the negligence of the Defendant and by virtue of that direct involvement sustained an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person.

41.     As a result of Defendant's negligence, Bennett has suffered damages.

## VI.    REQUESTED RELIEF

WHEREFORE, Plaintiff, Brandy Bennett, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Payment to Bennett of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

2.     Payment to Bennett of compensatory damages, damages for emotional distress and punitive damages;

3.     Payment to Bennett of pre- and post-judgment interest;

4.     Payment to Bennett of all costs and attorney fees incurred in litigating this action; and

5.     Provide to Bennett any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

    s/Andrew Dutkanych, III
Andrew Dutkanych III, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
E-Mail:      ad@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Brandy Bennett, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/Andrew Dutkanych, III
Andrew Dutkanych III, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
E-Mail:      ad@bdlegal.com

Attorneys for Plaintiff